[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO QUASH PLAINTIFFS' SUBPOENA DUCES TECUM
Henry, M. Beck, Jr., former attorney of the defendants the Collinsville Company, LLC and Barbara Perry, has moved to quash a subpoena duces tecum served on him by the plaintiffs on October 22, 2001, commanding his attendance at a deposition on October 30, 2001 as well as the production of various categories of documents. Attorney Beck is not a party to this action.
The parties did not request adjudication of the Motion to Quash until November 2, 2001, which is not surprising, since Beck waited until one day before the date of the scheduled deposition to file the Motion to Quash. Therefore, the first ground advanced in support of the Motion — that Beck is not available due to a scheduling conflict and because he was "given such short notice" — is moot. Nevertheless, the court will address the issue because it is one which often arises and, unfortunately, will undoubtedly arise in the future.
Practice Book § 13-27 requires a party to give "reasonable notice" of deposition. Determining whether eight days notice of deposition is or is not reasonable avoids more important issues of civility and practicality. It does not appear that the plaintiffs' counsel checked as to Mr. Beck's availability prior to sending out the deposition notice. The Practice Book does not require a party to accommodate a deponent's schedule prior to scheduling a deposition. However, a reasonable attempt to accommodate a deponent's schedule would help ensure that the deposition could proceed as scheduled without the need for the court's ruling on motions such as the one under consideration here and is certainly the more civil course of conduct.
Beck has also claimed that his testimony and the documents requested are protected by the attorney-client privilege. "In Connecticut, the attorney-client privilege protects both the confidential giving of professional advice by an attorney acting in the capacity of a legal advisor to those who can act on it, as well as the giving of information to the lawyer to enable counsel to give sound and informed advice."Metropolitan Life Ins. Co. v. Aetna Casualty Surety Co., 249 Conn. 36,52, 730 A.2d 51 (1999) The privilege fosters "`full and frank communications between attorneys and their clients and thereby promote[s] the broader public interests in the observation of law and [the] administration of justice'" Id., quoting Upjohn Co. v. United States,449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). As a general rule, "[c]ommunications between client and attorney are privileged when made in confidence for the purpose of seeking legal advice." State v.Gordon, 197 Conn. 413, 423, 504 A.2d 1020 (1985). "A communication from attorney to client solely regarding a matter of fact would not ordinarily be privileged, unless it were shown to be inextricably linked to the giving of legal advice." Ullmann v. State, 230 Conn. 698, 713, 647 A.2d 324
CT Page 15261 (1994).
In this action the plaintiff seeks specific performance of a Purchase and Sale Agreement for numerous parcels of real estate located in the Village of Collinsville. The action also seeks monetary damages against the defendant, Perry, for tortuously interfering with the Purchase and Sale Agreement as a result of her own personal motives and for personal gain. Specifically, the plaintiffs claim that Perry entered into an Employment Agreement with Covenant not to Compete with the plaintiffs. Before the closing for the Purchase and Sale Agreement, a dispute arose concerning payments to Perry to be made under the Employment Agreement. The plaintiffs allege that as a result of this dispute Perry caused The Collinsville Company to breach the Purchase and Sale Agreement.
Attorney Beck represented the Collinsville Company and Perry concerning the Purchase and Sale Agreement and the Employment Agreement. The plaintiffs claim that Beck engaged in certain conduct and made certain representations on behalf of Perry which may be important to the defendants' anticipated defenses to the complaint. For example, the plaintiffs anticipate that the defendants will claim that the final extension of the real estate closing was invalid under the Statute of Frauds because it was not signed by Perry. The plaintiffs have presented a transcript of a voice message from Beck in which he requests theextension on behalf of Perry.
Actions taken and representations made by Beck with respect to the plaintiffs and other third parties would not be protected by the attorney-client privilege. Moreover, Beck has the burden of proving the facts essential support his claim of privilege. State v. Hanna,150 Conn. 457, 465, 191 A.2d 124 (1963); McWilliams v. American FidelityCo., 140 Conn. 572, 581, 102 A.2d 345 (1954). The fact that certain areas of inquiry may be protected by the attorney-client privilege is not sufficient to warrant the prohibition of all inquiry.
Attorney Beck claims that the document production request is overbroad while the plaintiff's claim that the request is narrowly tailored. The court finds that the request for all documents concerning The Collinsville Company from January 1, 1998 (Request #4), the real and personal property of The Collinsville Company (Request #5), Barbara Perry from January 1, 1998 (Request #6), all documents and files concerning the Thomas M. Perry Company (Request #10) and all documents and files concerning the Thomas M. Perry Charitable Trust (Request #11) is overboard and grants the Motion to Quash with respect to those document production requests.
The Motion to Quash is denied with respect to the remaining requests of CT Page 15262 the subpoena duces tecum. To the extent Attorney Beck claims that the remaining requested documents contained privileged information, he should prepare a privilege log. If the privilege log includes the legal bills from Halloran Sage to Barbara Perry, The Collinsville Company, the Thomas M. Perry Company and/or the Thomas M. Perry Charitable Trust, calendars, journals or daybooks, or other documents which he claims are privileged, then Attorney Beck should submit those documents to the court for an in camera inspection.
Attorney Beck also claims that he was retained as an expert in this case. That does not appear to be true. Moreover, the plaintiffs seek to depose Attorney Beck on issues of fact, and not in his capacity as an expert. Attorney Beck has presented no law which would support his claim that his previous representation of the defendants renders him an expert witness under § 13-4 (2) of the Practice Book. Therefore, Attorney Beck is not entitled to compensation under § 13-4 (3) of the Practice Book.
The plaintiffs and Attorney Beck should attempt to cooperate in rescheduling the deposition of Attorney Beck, the production of non-privileged documents, and in obtaining the court's ruling on whether the documents listed in the privilege log are subject to the attorney-client privilege. If they cannot resolve some or all of the foregoing, they should promptly seek the court's intervention.
By the court,
Aurigemma, J.